UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
GREGORY INDUSTRIES, INC.,                :   Index No. 08-CV-_____
                                         :   ECF Case
                      Plaintiff,         :
                                         :   08 CV 4346
          v.                             :   **COMPLAINT**
                                         :
UNITRON PRODUCTS, INC.,                  :   **JURY TRIAL DEMANDED**
                                         :
                                         :
                                         :
                      Defendant.         :
------------------------------------------------- x

Plaintiff Gregory Industries, Inc., by its attorneys, brings this action against Defendant Unitron Products, Inc. and complains and alleges as follows:

### Jurisdiction and Venue

1. This is an action for trademark infringement, unfair competition, false advertising and cybersquatting arising under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, and unfair competition, trademark infringement and trademark dilution under state law. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

2. Venue is proper in this district under 28 U.S.C. § 1391.

### The Parties

3. Gregory Industries, Inc. ("GI") is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in Canton, Ohio.

4. Upon information and belief, Unitron Products, Inc. ("Unitron") is a corporation organized and existing under the laws of the State of New York, with its principal place of business in Bronx, New York.

## Background

5. Since at least as early as 1957, GI has been engaged in the business of manufacturing and distributing steel and galvanized steel products. Among the products currently manufactured and distributed by GI is a line of struts, which are metal framing channels used in construction and renovation projects, among other things.

6. Beginning in 1998, and continuing to the present, GI has sold its line of strut products under the trademark G-STRUT®.

7. GI owns the United States federal trademark registration number 2,591,398 for the mark G-STRUT for use in connection with "Metal structural support elements, namely, cold roll-formed channels having a continuous slot and solid or perforated back sections." Registration No. 2,591,398 was issued on July 9, 2002, and has become incontestable under United States trademark law. A copy of Registration No. 2,591,398 is attached as Exhibit A hereto.

8. GI is a well-respected source of steel and galvanized steel products. GI enjoys a hard-earned reputation across the United States as a valuable source of high quality steel products. GI has invested and continues to invest substantial resources, including, time, effort, talent and money, to produce the high quality products that GI promotes and distributes under its G-STRUT mark.

9. GI has continuously provided steel products in interstate commerce throughout the United States under the G-STRUT mark since 1998. GI's goods are strongly associated with and identified by the G-STRUT mark, and the G-STRUT mark is well known as a source of origin in GI for steel products.

10. Over the years, GI has spent a considerable amount of money and has exercised great effort in advertising and promoting the G-STRUT mark and establishing the G-STRUT mark in the mind of distributors and consumers as an identifier of GI's high quality goods.

11. By virtue of the extensive use of the G-STRUT mark over the past decade, and the substantial sums GI has spent in promotion of that mark, the G-STRUT mark has acquired such goodwill that the public has come to associate the mark exclusively with GI and to believe that the G-STRUT mark uniquely identifies GI's goods.

12. The G-STRUT mark is, and has been at all times relevant to the matters alleged herein, distinctive and famous, both generally and in the niche market in which GI competes.

13. GI currently, and at all times relevant to the matters alleged in this Complaint, markets, promotes, provides information about and sells products under its G-STRUT mark via GI's web site located at the web address www.gregorycorp.com.

14. Unitron is in the business of producing, selling and distributing metal products, including struts. Among other things, Unitron markets, promotes, provides information about and sells its products, including struts, through a web site accessible at the internet address www.us-struts.com (the "Unitron Web Site").

### Defendant's Unlawful Conduct

15. Unitron is engaged in a pattern and practice of knowingly, intentionally and willfully infringing and diluting GI's G-STRUT trademark, competing unfairly with GI, engaging in deceptive practices and confusing consumers.

16. Prior to 1998, when GI began to market its line of struts under the G-STRUT mark, Unitron had been a customer of GI, and Unitron was well aware of GI's products and promotional materials. Likewise, Unitron was well aware in 1998 that GI launched a line of strut products under the G-STRUT mark.

17. Notwithstanding GI's continuous use in interstate commerce since 1998 of the G-STRUT mark, and Unitron's knowledge thereof, in or about May 2001 Unitron registered and obtained the infringing domain names: g-strut.com, g-strut.net, gstrut.com and gstrut.net (the "Infringing Domain Names").

18. Unitron utilizes each of the Infringing Domain Names as a pointer to the Unitron Web Site, www.us-strut.com. That is, whenever a user types in the web address www.g-strut.com, www.g-strut.net, www.gstrut.com or www.gstrut.net, that user will be directed to the Unitron Web Site where Unitron markets its own struts and other products that compete with those offered by GI under the G-STRUT mark.

19. In addition, when internet users conduct a search, using internet search engines such as yahoo.com, for the term G-STRUT or close variations thereof such as "GSTRUT" the search engines identify and provide links to the Unitron Web Site. In fact, when searching yahoo.com for the term "gstrut," or searching google.com for any of the terms "g-strut.com," "g-strut.net," "gstrut.com," or "gstrut.net," the highest-ranked result and the first site identified is the Unitron Web Site.

20. Customers and potential customers of GI, as well as the public generally, looking for GI's web site and products have been and are likely to continue to be confused into mistakenly believing that Unitron, its products and web site are somehow affiliated with, connected to, authorized or sponsored by GI or that Unitron is offering GI's G-STRUT goods for sale to the public. Upon information and belief, that is precisely what Unitron intended when registering the Infringing Domain Names.

21. GI repeatedly has put Unitron on notice that Unitron's registration and use of the g-strut.com, g-strut.net, gstrut.com, and gstrut.net domain names infringes GI's G-STRUT mark

and otherwise violates GI's marks. GI has repeatedly demanded that Unitron cease using and abandon its registrations for those domain names.

22. In response to GI's demands, Unitron indicated that it would give up the domain names if GI would convey to Unitron a half million pounds of steel, then valued at over $150,000.

23. Subsequently, following further demands from GI that Unitron cease using the Infringing Domain Names, Unitron indicated it would do so and would allow its registrations for the Infringing Domain Names to lapse. For short time, the Infringing Domain Names no longer pointed to Unitron's own web site and users entering internet addresses comprised of the Infringing Domain Names were not directed to Unitron's web site. However, at some later time unknown to GI, but with Unitron's full knowledge that its use of the Infringing Domain Names constituted infringement of GI's rights, Unitron intentionally and willfully reactivated the Infringing Domain Names such that users going to the web addresses comprised of the Infringing Domain Names would once again arrive at Unitron's web site at which Unitron's competing products were promoted and sold.

24. Unitron's registrations of domains that infringe GI's trademark is not an innocent mistake but part of a pattern and practice by Unitron to commit cybersquatting and otherwise infringe on trademarks owned by Unitron competitors. For example, Unitron has registered the domain name "globestrut.net" which name appears to infringe the registered trademark GLOBE STRUT owned and used by Unitron's competitor GS Metals Corp. (which itself operates a web site at the address www.globestrut.com). Unitron has registered the domain name "powerstrut.net" which domain name appears to infringe the registered trademark POWER-STRUT owned and used by Unitron's competitor Allied Tube & Conduit Corp. Unitron has registered the domain name "superstrut.net" which domain name appears to infringe the

registered trademark SUPER STRUT owned and used by Unitron's competitor Thomas & Betts International, Inc. Unitron has registered the domain name "versabar.net" which domain name appears to infringe the registered trademark VERSABAR owned and used by Unitron's competitor Versabar, Inc. (which itself operates a web site at the address www.versabar.com). Unitron has also obtained domain name registrations which appear to infringe upon unregistered trademarks long used by Unitron competitors, such as the domain names "h-strut.com" and "hstrut.com" which appear to infringe the trademark H-STRUT long used by the Haydon Tube & Form Corp.; and the domain name "o-strut.com" which appears to infringe on the trademark O-STRUT held by Erico/Michigan Hanger Co. Upon information and belief, Unitron also has registered other domain names based upon trademarks owned by Unitron competitors.

25. Unitron's acts in registering or otherwise obtaining and using domain names identical or confusingly similar to GI's G-STRUT mark, and to trademarks owned by other competitors of Unitron, are deceptive acts directed at consumers intended to, and which do, materially mislead consumers as to Unitron's affiliation or other connection with GI. Unitron's acts are intended to, and do, divert consumers and others seeking to find GI's web site and products, as well as the web sites and products of other Unitron competitors, to the Unitron Web Site and Unitron's goods and services, all to the harm of GI and other competitors of Unitron.

## COUNT I

### Federal Trademark Infringement

26. GI repeats and realleges the allegations contained in paragraphs 1 through 26 above as if fully set forth herein.

27. Unitron's unauthorized use and registration of the domain names g-strut.com, g-strut.net, gstrut.com and gstrut.net in connection with its sale of steel products including struts is

likely to cause confusion and mistake and to deceive consumers as to the source and origin of Unitron's goods and services.

28. Unitron's acts infringe GI's G-STRUT mark, with consequent damage to GI and the business and goodwill symbolized by the federally registered trademark G-STRUT in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

29. Unitron's acts of trademark infringement have caused and are causing great and irreparable injury to GI, to the G-STRUT mark, and to the business and goodwill represented by the G-STRUT mark, in an amount that cannot readily be ascertained at this time, and unless enjoined will cause GI further irreparable injury, leaving GI with no adequate remedy at law.

30. By reason of the foregoing, GI is entitled to permanent injunctive relief against Unitron and to recover any damages to GI proven to have been caused, and any profits obtained by Unitron, by reason of Unitron's acts of trademark infringement.

## COUNT II

### Federal False Designation of Origin

31. GI repeats and realleges the allegations contained in paragraphs 1 through 30 above as if fully set forth herein.

32. Unitron's use of GI's mark is likely to cause consumers to mistakenly believe that Unitron has an affiliation with GI, or that Unitron's goods are sponsored or approved by GI, or that Unitron is otherwise associated with or has permission from GI.

33. Unitron's acts of unfair competition and false advertising have caused irreparable injury to GI's goodwill and reputation in an amount that cannot be ascertained at this time and, unless enjoined, will cause further irreparable injury leaving GI with no adequate remedy at law.

34.     By reason of the foregoing, GI is entitled to permanent injunctive relief against Unitron and to recover any damages to GI proven to have been caused, and any profits obtained by Unitron, by reason of Unitron's acts of false designation of origin.

## COUNT III

### State Law Trademark Infringement and Unfair Competition

35.     GI repeats and realleges the allegations contained in paragraphs 1 through 34 above as if fully set forth herein.

36.     The acts of Unitron described above constitute trademark infringement and unfair competition in violation of GI's rights under the common law of the State of New York and N.Y. Gen. Bus. Law § 360-k and 360-o.

## COUNT IV

### State Law Trademark Dilution

37.     GI repeats and realleges the allegations contained in paragraphs 1 through 36 above as if fully set forth herein.

38.     The acts of Unitron as described above are likely to dilute and detract from the distinctiveness of the G-STRUT mark, with consequent damage to GI and the business and goodwill symbolized by the G-STRUT mark, in violation of the New York Anti-Dilution Statute, N.Y. Gen. Bus. Law § 360-l.

## COUNT V

### State Law Deceptive Acts and Practices

39.     GI repeats and realleges the allegations contained in paragraphs 1 through 38 above as if fully set forth herein.

40.     The acts of Unitron as described above constitute deceptive acts and practices in violation of N.Y. Gen. Bus. Law §§ 133, 349-350.

## COUNT VI

### Federal Anti-Cybersquatting

41. GI repeats and realleges the allegations contained in paragraphs 1 through 40 above as if fully set forth herein.

42. The domain names at issue, g-strut.com, g-strut.net, gstrut.com and gstrut.net, consist solely of GI's famous trademark, coupled with a top-level domain, either .com or .net. The Infringing Domain Names are identical to, confusingly similar to or dilutive of the G-STRUT mark. GI owns trademark rights in G-STRUT by reason of its extensive use and registration of that mark. Unitron registered the Infringing Domain Names without authorization from GI and with knowledge that G-STRUT was a trademark of GI, and with the intent to divert business from GI. Unitron registered the Infringing Domain Names with a bad faith intent to exploit the fame and goodwill of, and profit from, the G-STRUT mark, in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA"), and Unitron has persisted in using the Infringing Domain Names even after being alerted to the fact that such use was in violation of the ACPA and GI's rights.

43. Unitron's registration and use of the Infringing Domain Names was done with a bad faith intent to profit.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gregory Industries, Inc. respectfully requests the Court to enter judgment as follows:

A. Declare that Unitron's registration and/or use of the domain names g-strut.com, g-strut.net, gstrut.com and gstrut.net violates GI's rights under the Lanham Act, the ACPA, the common law of New York, the New York General Business Law, and the New York Anti-Dilution Statute;

B. Permanently enjoin Unitron, its officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from using or maintaining a domain name registration for the domain names g-strut.com, g-strut.net, gstrut.com and/or gstrut.net, or any other domain name identical or confusingly similar to the G-STRUT mark or any of GI's other trademarks and ordering Unitron to transfer and assign to GI ownership of the domain name registrations for the domain names g-strut.com, g-strut.net, gstrut.com and gstrut.net;

C. Order that Unitron account and pay over to GI for all gains, profits, savings and advantages realized by Unitron from its acts complained of above;

D. Order that, if GI so elects, Unitron be ordered to pay to GI statutory damages in the amount of $100,000 for each infringing or dilutive domain name registered in bad faith by Unitron;

E. Order that GI be awarded three times the amount of its actual damages incurred by reason of the facts and occurrences alleged herein;

F. Order that GI be awarded its costs and disbursements in this action, including attorneys' fees;

G. Order that GI be awarded punitive damages in an amount sufficient to deter Unitron's repeated and knowing violations of the law as alleged herein; and

H. Order such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       May 8, 2008

                                  Respectfully submitted,

                                  LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

                                  By: _____
                                      Robert Penchina

                                  321 W. 44th Street, Suite 510
                                  New York, NY 10036
                                  t: (212) 850-6100
                                  f: (212) 850-6299

                                  Counsel for Plaintiff Gregory Industries, Inc.

# Exhibit A

Int. Cl.: 6

Prior U.S. Cls.: 2, 12, 13, 14, 23, 25 and 50

United States Patent and Trademark Office

Reg. No. 2,591,398
Registered July 9, 2002

## TRADEMARK
### PRINCIPAL REGISTER

### G-STRUT

GREGORY INDUSTRIES, INC. (OHIO CORPORATION)
4100 - 13TH STREET, SW
CANTON, OH 44710

FOR: METAL STRUCTURAL SUPPORT ELEMENTS, NAMELY, COLD ROLL-FORMED CHANNELS HAVING A CONTINUOUS SLOT AND SOLID OR PERFORATED BACK SECTIONS, IN CLASS 6 (U.S. CLS. 2, 12, 13, 14, 23, 25 AND 50).

FIRST USE 11-19-1998; IN COMMERCE 11-19-1998.

SER. NO. 76-303,396, FILED 8-23-2001.

SEAN DWYER, EXAMINING ATTORNEY